

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:20-CR-270 |
| | ) | |
| v. | ) | COUNTS: 1,3,5,7,9,11,13,15 |
| | ) | 18 U.S.C. §13, assimilating |
| CHRISTIAN YANEZ, | ) | VA Code §18.2-386.1 |
| | ) | (Unlawful Creation of the |
| Defendant. | ) | Image of Another) |
| | ) | COUNTS: 2,4,6,8,10,12,14,16 |
| | ) | 18 U.S.C. §1801 |
| | ) | (Video Voyeurism) |

DECEMBER 2020 TERM - AT ALEXANDRIA

<u>INDICTMENT</u>

<u>COUNT ONE</u>

THE GRAND JURY CHARGES THAT:

On or about December 22, 2019, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally create a videographic and still image of M.B., a nonconsenting person, by means of a cellphone, where M.B. was clad in undergarments and in a state of undress so as to expose his genitals, pubic area, and buttocks, and under circumstances otherwise such that M.B. would have a reasonable expectation of privacy.

(In violation of Title 18, United States Code, Section 13, assimilating Section 18.2-386.1 of the Code of Virginia.)

1

COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 22, 2019, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally capture an image of a private area of M.B. by videotaping, photographing, and recording M.B.'s naked and undergarment clad genitals, pubic area, and buttocks, without M.B.'s consent, and knowingly did so under circumstances in which M.B. had a reasonable expectation of privacy, that is, under circumstances in which a reasonable person would believe that he could disrobe in privacy, without being concerned that an image of his private area was being captured.

(In violation of Title 18, United States Code, Section 1801.)

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 3, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally create a videographic and still image of John Doe #1, an unidentified child under the age of 18, a nonconsenting person, by means of a cellphone, where John Doe #1 was clad in undergarments and in a state of undress so as to expose his genitals, pubic area, and buttocks, and under circumstances otherwise such that John Doe #1 would have a reasonable expectation of privacy.

(In violation of Title 18, United States Code, Section 13, assimilating Section 18.2-386.1 of the Code of Virginia.)

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 3, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally capture an image of a private area of John Doe #1 by videotaping, photographing, and recording John Doe #1's naked and undergarment clad genitals, pubic area, and buttocks, without John Doe #1's consent, and knowingly did so under circumstances in which John Doe #1 had a reasonable expectation of privacy, that is, under circumstances in which a reasonable person would believe that he could disrobe in privacy, without being concerned that an image of his private area was being captured.

(In violation of Title 18, United States Code, Section 1801.)

COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 8, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally create a videographic and still image of John Doe #2, an unidentified child under the age of 18, a nonconsenting person, by means of a cellphone, where John Doe #2 was clad in undergarments and in a state of undress so as to expose his genitals, pubic area, and buttocks, and under circumstances otherwise such that John Doe #2 would have a reasonable expectation of privacy.

(In violation of Title 18, United States Code, Section 13, assimilating Section 18.2-386.1 of the Code of Virginia.)

COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 8, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally capture an image of a private area of John Doe #2 by videotaping, photographing, and recording John Doe #2's naked and undergarment clad genitals, pubic area, and buttocks, without John Doe #2's consent, and knowingly did so under circumstances in which John Doe had a reasonable expectation of privacy, that is, under circumstances in which a reasonable person would believe that he could disrobe in privacy, without being concerned that an image of his private area was being captured.

(In violation of Title 18, United States Code, Section 1801.)

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 17, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally create a videographic and still image of R.R., a nonconsenting person, by means of a cellphone, where R.R. was clad in undergarments and in a state of undress so as to expose his genitals, pubic area, and buttocks, and under circumstances otherwise such that R.R. would have a reasonable expectation of privacy.

(In violation of Title 18, United States Code, Section 13, assimilating Section 18.2-386.1 of the Code of Virginia.)

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 17, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally capture an image of a private area of R.R. by videotaping, photographing, and recording R.R.'s naked and undergarment clad genitals, pubic area, and buttocks, without R.R.'s consent, and knowingly did so under circumstances in which R.R. had a reasonable expectation of privacy, that is, under circumstances in which a reasonable person would believe that he could disrobe in privacy, without being concerned that an image of his private area was being captured.

(In violation of Title 18, United States Code, Section 1801.)

COUNT NINE

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 5, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally create a videographic and still image of I.B., a nonconsenting person, by means of a cellphone, where I.B. was clad in undergarments and in a state of undress so as to expose his genitals, pubic area, and buttocks, and under circumstances otherwise such that I.B. would have a reasonable expectation of privacy.

(In violation of Title 18, United States Code, Section 13, assimilating Section 18.2-386.1 of the Code of Virginia.)

COUNT TEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 5, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally capture an image of a private area of I.B. by videotaping, photographing, and recording I.B.'s naked and undergarment clad genitals, pubic area, and buttocks, without I.B.'s consent, and knowingly did so under circumstances in which I.B. had a reasonable expectation of privacy, that is, under circumstances in which a reasonable person would believe that he could disrobe in privacy, without being concerned that an image of his private area was being captured.

(In violation of Title 18, United States Code, Section 1801.)

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 19, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally create a videographic and still image of A.A., a nonconsenting person, by means of a cellphone, where A.A. was clad in undergarments and in a state of undress so as to expose his genitals, pubic area, and buttocks, and under circumstances otherwise such that A.A. would have a reasonable expectation of privacy.

(In violation of Title 18, United States Code, Section 13, assimilating Section 18.2-386.1 of the Code of Virginia.)

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 19, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally capture an image of a private area of A.A. by videotaping, photographing, and recording A.A.'s naked and undergarment clad genitals, pubic area, and buttocks, without A.A.'s consent, and knowingly did so under circumstances in which A.A. had a reasonable expectation of privacy, that is, under circumstances in which a reasonable person would believe that he could disrobe in privacy, without being concerned that an image of his private area was being captured.

(In violation of Title 18, United States Code, Section 1801.)

COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 22, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally create a videographic and still image of J.L., a nonconsenting person, by means of a cellphone, where J.L. was clad in undergarments and in a state of undress so as to expose his genitals, pubic area, and buttocks, and under circumstances otherwise such that J.L. would have a reasonable expectation of privacy.

(In violation of Title 18, United States Code, Section 13, assimilating Section 18.2-386.1 of the Code of Virginia.)

COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 22, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally capture an image of a private area of J.L. by videotaping, photographing, and recording J.L.'s naked and undergarment clad genitals, pubic area, and buttocks, without J.L.'s consent, and knowingly did so under circumstances in which J.L. had a reasonable expectation of privacy, that is, under circumstances in which a reasonable person would believe that he could disrobe in privacy, without being concerned that an image of his private area was being captured.

(In violation of Title 18, United States Code, Section 1801.)

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 5, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally create a videographic and still image of R.P., a nonconsenting person, by means of a cellphone, where R.P. was clad in undergarments and in a state of undress so as to expose his genitals, pubic area, and buttocks, and under circumstances otherwise such that R.P. would have a reasonable expectation of privacy.

(In violation of Title 18, United States Code, Section 13, assimilating Section 18.2-386.1 of the Code of Virginia.)

COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 5, 2020, in the men's restroom located within the Food Court area of the Post Exchange on Fort Belvoir, Virginia, within the Eastern District of Virginia, and within the special maritime and territorial jurisdiction of the United States, the defendant, Christian Yanez, did knowingly and intentionally capture an image of a private area of R.P. by videotaping, photographing, and recording R.P.'s naked and undergarment clad genitals, pubic area, and buttocks, without R.P.'s consent, and knowingly did so under circumstances in which R.P. had a reasonable expectation of privacy, that is, under circumstances in which a reasonable person would believe that he could disrobe in privacy, without being concerned that an image of his private area was being captured.

(In violation of Title 18, United States Code, Section 1801.)

_____
FOREPERSON

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _/s/ Patricia Haynes_____
Patricia Haynes
Assistant United States Attorney
Sean Rowland
Special Assistant United States Attorney

16